**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CINDY LOPEZ, *on behalf of herself,*
*FLSA Collective Plaintiffs, and the Class,*

        Plaintiff,

        v.

THE CONSULATE NYC LLC
      d/b/a THE CONSULATE,
MMI 2020 LLC
      d/b/a RECETTA NYC,
METODIJA MIHAJLOV,
MILJAN KOMNENIC, and IGOR DRCA,

        Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff, CINDY LOPEZ (hereinafter, "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this class and collective action Complaint against THE CONSULATE NYC LLC d/b/a THE CONSULATE, MMI 2020 LLC d/b/a RECETTA NYC ("Corporate Defendants"), METODIJA MIHAJLOV, MILJAN KOMNENIC and IGOR DRCA ("Individual Defendants") (each individually, "Defendant" or, collectively, "Defendants"), and states as follows:

**INTRODUCTION**

1.      Plaintiff alleges that, pursuant to Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime; (2) unpaid wages, including overtime, due to time shaving; (3) unpaid wages, including overtime, due to misclassification of non-exempt workers as exempt; (4) statutory penalties; (5) liquidated damages; and (6) attorney's fees and costs.

2.      Plaintiff further alleges that, pursuant to New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime; (2) unpaid wages, including overtime, due to time shaving; (3) unpaid wages, including overtime, due to misclassification of non-exempt workers as exempt; (4) unpaid spread of hours premiums; (5) statutory penalties; (6) liquidated damages; and (7) attorney's fees and costs.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

**PARTIES**

5.      Plaintiff, CINDY LOPEZ, is a resident of New York County, New York.

6.      Defendants collectively own and operate two (2) restaurants at the following locations:

   a)   "The Consulate" - 519 Columbus Avenue, New York, NY 10024; and

   b)   "Recetta" – 103 Havemeyer St., Brooklyn, New York, NY 11211
        (collectively, "Restaurants").

7.      Both Restaurants are operated as a single integrated enterprise under the common control of the Corporate and Individual Defendants. Specifically, the Restaurants are engaged in related activities, share common ownership, and have a common business purpose.

   a)  All the Restaurants share a common ownership, as they are owned and managed by Individual Defendants METODIJA MIHAJLOV, MILJAN KOMNENIC and IGOR DRCA.

   b)  The Restaurants serve similar food, have the same suppliers, and share similar décor, ambience, and appearance.

   c)  Employees, food, and supplies are interchangeable among all Restaurant locations. Throughout Plaintiff's employment with Defendants, Defendants frequently transferred employees, including Plaintiff, among the Restaurants to perform work on an as-needed basis.

8.      Defendants operate the Restaurants through the following Corporate Defendants:

   a)  Corporate Defendant, THE CONSULATE NYC LLC d/b/a THE CONSULATE is a domestic limited liability company organized under the laws of New York with a principal place of business located at and an address for service of process located at 519 Columbus Avenue, New York, NY 10024.

   b)  Corporate Defendant, MMI 2020 LLC d/b/a RECETTA NYC is a domestic limited liability company organized under the laws of New York, with an address for service of process located at c/o Northwest Registered Agent LLC, 90 State Street, Suite 700, Office 40, Albany, NY 12207, and a principal place of business located at 103 Havemeyer St., Brooklyn, NY 11211.

9.     Individual Defendant METODIJA MIHAJLOV is a co-owner and founder of Corporate Defendants. METODIJA MIHAJLOV exercises operational control as it relates to all employees including Plaintiff. METODIJA MIHAJLOV frequently visits the Restaurants. METODIJA MIHAJLOV exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff. At all times, employees of the Restaurants could complain to METODIJA MIHAJLOV directly regarding any of the terms of their employment, and METODIJA MIHAJLOV would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. METODIJA MIHAJLOV exercised functional control over the business and financial operations of Corporate Defendants. METODIJA MIHAJLOV had the power and authority to supervise and control supervisors of Plaintiff and could reprimand employees.

10.     Individual Defendant MILJAN KOMNENIC is a co-owner and principal of Corporate Defendants. MILJAN KOMNENIC exercises operational control as it relates to all employees including Plaintiff. MILJAN KOMNENIC frequently visits the Restaurants. MILJAN KOMNENIC exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff. At all times, employees of the Restaurants could complain to MILJAN KOMNENIC directly regarding any of the terms of their employment, and MILJAN KOMNENIC would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. MILJAN

KOMNENIC exercised functional control over the business and financial operations of Corporate Defendants. MILJAN KOMNENIC had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

11.     Individual Defendant IGOR DRCA is a co-owner and principal of Corporate Defendants. IGOR DRCA exercises operational control as it relates to all employees including Plaintiff. IGOR DRCA frequently visits the Restaurants. IGOR DRCA exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff. At all times, employees of the Restaurants could complain to IGOR DRCA directly regarding any of the terms of their employment, and IGOR DRCA would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. IGOR DRCA exercised functional control over the business and financial operations of Corporate Defendants. IGOR DRCA had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

12.     At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

13.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

14.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

15.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including, but not limited to cooks, food preparers, waiters, delivery persons, bartenders, servers, runners, and bussers, dishwashers, and porters, among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including overtime premium at one and a half times the regular rate for all hours worked over forty (40) in a workweek, including due to a policy of time shaving. A subclass of FLSA Collective Plaintiffs have a claim for unpaid wages, including overtime wages, due to misclassification of non-exempt workers as exempt. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs: (i) unpaid overtime wages; (ii) unpaid wages, including overtime, due to time shaving; (iii) unpaid wages, including overtime, due to misclassification of non-exempt worker as exempt;  (iv) liquidated damages; and (v) attorney's fees and costs.

17.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names

and addresses are readily available from Defendants. Notice can be provided to FLSA Collective

Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure

("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees, including, but

not limited to cooks, food preparers, waiters, delivery persons, bartenders, servers, runners, and

bussers, dishwashers, and porters, among others, employed by Defendants on or after the date that

is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

19.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class

members are readily ascertainable. The number and identity of the Class members are able to be

determined from the records of Defendants. The hours assigned and worked, the position held, and

rates of pay for each Class member are also determined from Defendants' records. For purposes

of notice and other purposes related to this action, their names and addresses are readily available

from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20.     The proposed Class is so numerous that a joinder of all members is impracticable,

and the disposition of their claims as a class will benefit the parties and the Court. Although the

precise number of such persons is unknown, the facts on which the calculation of that number is

based are presently within the sole control of Defendants, and there is no doubt that there are more

than forty (40) members of the Class. The Class further includes a subclass of employees

misclassified as exempt employees ("Misclassified Subclass") who also number more than forty

(40). Plaintiff is a member of the Misclassified Subclass.

21.     Plaintiff's claims are typical of those claims that could be alleged by any member

of the Class, and the relief sought is typical of the relief that would be sought by each member of

the Class in separate actions. All the Class members were subject to the same corporate practices

of Defendants of: (i) unpaid overtime wages; (ii) unpaid wages, including overtime, due to time

shaving (iii) unpaid wages, including overtime, due to misclassification of non-exempt workers as

exempt; (iv) unpaid spread of hours premiums; (v) failing to provide proper wage statements per

requirements of NYLL; and (vi) failing to provide wage notices to Class members, at the date of

hiring and annually, per requirements of NYLL.

22.     Defendants' corporate-wide policies and practices affected all Class members

similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each

Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages

arising from the same unlawful policies, practices, and procedures.

23.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no

interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and

competent in both class action litigation and employment litigation and have previously

represented Plaintiffs in wage and hour cases.

24.     A class action is superior to other available methods for the fair and efficient

adjudication of the controversy – particularly in the context of the wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate defendants. Class action treatment will permit a large number of similarly situated

persons to prosecute common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expense that numerous individual actions engender.

Because of losses, injuries, and damages suffered by each of the individual Class members are

small in the sense pertinent to a class action analysis, the expenses and burden of individual

litigation would make it extremely difficult or impossible for the individual Class members to

redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25.     Defendants and other employers throughout the state violate NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.   Whether Defendants employed Plaintiff and the Class members within the meaning of NYLL;

b.   What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

c.  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

d.  Whether Defendants properly notified Plaintiff and Class members of their hourly and overtime rates;

e.  Whether Defendants paid Plaintiff and Class members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

f.  Whether Defendants properly compensated Plaintiff and Class members for all hours worked, including overtime hours;

g.  Whether Defendant failed to compensate Plaintiff and Class member for all hours worked, due to a policy of time shaving;

h.  Whether Defendants compensated Plaintiff and Class members on an illegal fixed salary basis;

i.  Whether Defendants wrongly classified Plaintiff and Class members as exempt-employees;

j.  Whether Defendants paid Plaintiff and Class members spread of hours premiums, as required under NYLL;

k.  Whether Defendants provided proper wage and hour notice to employees, that includes information such as the rate of compensation, and the trade name of employer, pursuant to the requirements of NYLL; and

l.  Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under NYLL.

## STATEMENT OF FACTS

27.     In or about October 2019, Plaintiff was hired by Defendants to work as a cook for Defendants' The Consulate, located at 519 Columbus Avenue, New York, NY 10024. During her employment, Defendants also required Plaintiff to cover shifts at their other restaurant, Recette, located at 103 Havemeyer St., Brooklyn, NY 11211. Plaintiff was employed by Defendants until her termination in or around April 2022.

28.     As a cook, Plaintiff's only duty was to cook. Plaintiff did not hire/fire, set schedules for, or manage/supervise other employees.

29.     Throughout her employment with Defendants, Plaintiff was scheduled to work on Mondays, Thursdays, Fridays, Saturdays and Sundays from 10:00 a.m. to 11:00 p.m., for a total of sixty-five (65) hours per week. At all times FLSA Collective Plaintiffs and Class members also worked schedules similar to that of Plaintiff.

30.     Throughout her employment with Defendants, Plaintiff was paid weekly at different hourly rates and also on a fixed salary basis toward the latter part of her employment. At the start of Plaintiff's employment with Defendants, her hourly rate was eighteen dollars ($18) per hour and her overtime rate was twenty-one dollars ($21) per hour; thereafter the regular rate was increased to twenty-one dollars ($21) per hour and the overtime rate was twenty-four dollars ($24) per hour. In or around April 2021, Defendants began to compensate Plaintiff one thousand two hundred fifty dollars ($1,250) per week, regardless of the number of hours she worked in a workweek. There was never any agreement between Plaintiff and Defendants that this fixed salary amount would cover all of the hours she worked, including those worked over forty (40) in a workweek. FLSA Collective Plaintiffs and Class members were similarly paid on an hourly and fixed salary basis. When FLSA Collective Plaintiffs and Class members were paid a fixed salary,

there was also never any agreement with Defendants that this fixed salary would cover all of their hours worked, including those over forty (40) in a workweek.

31.     At all relevant times, Plaintiff and Class members were not paid at the proper overtime rate for all overtime hours worked. Furthermore, Defendants also initiated a scheme to deliberately pay Plaintiff and Class members a fixed salary to avoid paying any overtime. Class members were similarly paid at improper overtime rates, and where deliberately paid at a fixed salary to avoid paying any overtime.

32.     At all times of her employment, Plaintiff was required to clock in and out for each shift. When Plaintiff was compensated on an hourly basis, Plaintiff became aware that her paychecks did not include all of the hours she worked in a given pay period. For example, Plaintiff would regularly notice that Defendants time shaved her between two (2) to three (3) hours on a regular basis. Due to this policy of time shaving, Defendants failed to properly compensate Plaintiff the overtime premium for all hours she worked over forty (40) in a workweek. FLSA Collective Plaintiffs and Class members were similarly not compensated their proper overtime premium for all hours worked over forty (40) in a workweek, due to Defendants' time shaving practices.

33.     Plaintiff was not paid her overtime hours because Defendants misclassified her as exempt. Plaintiff did not engage in any executive or administrative functions. As explained above, her job was to cook. This function involved no discretion. Therefore, Plaintiff was misclassified as exempt under both the FLSA and NYLL. From discussions with Plaintiff's co-workers, Plaintiff learned that many other co-workers also were misclassified as exempt in order for Defendants to avoid paying overtime.

34. During her employment, Plaintiff worked five (5) days per week for more than ten (10) hours. At all times, Defendants did not pay Plaintiff her statutory spread of hours premiums pursuant to NYLL. Similarly, Class members who worked shifts longer than ten (10) hours in duration were not paid spread of hours premiums.

35. At all relevant times, Defendants never provided Plaintiff with wage notices as required by the NYLL. Similarly, Class members were never provided with any wage notices.

36. At all relevant times, Defendants did not provide Plaintiff with proper wage statement because they failed to accurately reflect her hours worked, in violation of the NYLL. Similarly, Class members also did not receive proper wage statements that failed to accurately reflect their hours worked.

37. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class members the proper overtime wages at a rate that is at least one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) hours per workweek, due to an improper fixed salary and time shaving, in violation of the FLSA and NYLL.

38. Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premiums to Plaintiff or Class members, in violation of NYLL.

39. Defendants knowingly and willfully operated their business with a policy of not providing wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of NYLL.

40. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL.

41.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

42.     Plaintiff realleges and reavers the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

43.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

45.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.00.

46.     At all relevant times, Defendants had a policy and practice of failing to pay overtime wages to Plaintiff and FLSA Collective Plaintiffs for hours worked in excess of forty (40) per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay, including due to a policy of time shaving.

47.     At all relevant times, Defendants had a policy of improperly compensating Plaintiff and FLSA Collective Plaintiffs on a fixed salary basis to avoid paying overtime.

48.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA

Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of the Court to amend this Complaint to set forth the precise amount due.

49.     Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including overtime, when Defendants knew or should have known such was due.

50.     Defendants failed to properly disclose or apprise Plaintiff or FLSA Collective Plaintiffs of their rights under FLSA.

51.     As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

52.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime; unpaid wages, including overtime, due to time shaving; unpaid wages, including overtime, due to misclassification of non-exempt workers as exempt; plus an equal amount as liquidated damages.

53.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF NEW YORK LABOR LAW

54.     Plaintiff realleges and reavers the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

55.     At all relevant times, Plaintiff and Class members were employed by Defendants

within the meaning of NYLL, §§ 2 and 651.

56.     At all relevant times, Defendants had a policy of failing to pay Plaintiff and Class members proper wages for all hours worked, including overtime wages for hours worked in excess of forty (40), including due to a policy of time shaving.

57.     At all relevant times, Defendants had a policy of improperly compensating Plaintiff and Class members on a fixed salary basis to avoid paying overtime.

58.     Defendants knowingly and willfully failed to pay Plaintiff and Class members their spread of hours premiums for shifts lasting longer than ten (10) hours in duration, in violation of NYLL.

59.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members with wage notices, at date of hiring and annually thereafter, as required under NYLL.

60.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements, as required under NYLL.

61.     Due to Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid overtime; unpaid wages, including overtime, due to time shaving; unpaid wages, including overtime, due to misclassification of non-exempt workers as exempt; unpaid spread of hours premiums; reasonable attorney's fees; liquidated damages; statutory penalties; and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Plaintiffs, and Class members respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid overtime wages;

d.   An award of unpaid wages, including overtime, due to time shaving;

e.   An award of unpaid wages, including overtime, due to improper fixed salary compensation;

f.   An award of unpaid spread of hours premiums under NYLL;

g.   An award of liquidated damages as a result of Defendants' willful failure to pay wages pursuant to FLSA;

h.   An award of liquidated damages as a result of Defendants' willful failure to pay wages pursuant to NYLL;

i.   An award of statutory penalties, prejudgment, and post judgment interest, costs, and expenses of this action together with reasonable attorney's fees and expert fees;

j.   Designation of Plaintiff as Representative of FLSA Collective Plaintiffs;

k.   Designation of this action as a class action pursuant to F.R.C.P. 23;

l.   Designation of Plaintiff as Representative of the Class; and

m.   Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: July 7, 2022

Respectfully submitted,
By: ___/s/ C.K. Lee_____
   C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*
